26 C.C.P.A. (Patents)

## In re TRUSLOW.

### Patent Appeal No. 4175.

Court of Customs and Patent Appeals.

June 5, 1939.

Jeffery, Kimball & Eggleston, of New York City (H. G. Kimball and O. W. Jeffery, both of New York City, of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office which affirmed a decision of the examiner rejecting, in view of the prior art all of the process claims 8 to 10 inclusive in an application for an alleged invention for improvement in the manufacture of yarn. Several apparatus claims were allowed.

Claim 8 is illustrative of the involved subject matter and is as follows: "8. The process of manufacturing cotton yarn which comprises reducing drawing frame sliver to roving form by continuously applying draft thereto in one passage of successive stages, one of the earlier stages imparting a draft materially higher than any later stage, winding the roving on bobbins and spinning yarn from such bobbined roving."

The reference relied upon is: Gminder (British), 348,079, May 6, 1931.

Several other patents are printed in the record and appellant comments upon

them. However, since none are mentioned in the decisions of the Patent Office in connection with the involved claims it is unnecessary to consider them.

The application relates to the manufacture of cotton yarn with particular reference to the drafting of cotton sliver and forming it into roving. The drafting is accomplished with the greatest draft being applied in one of the earlier of continuous, successive stages.

The reference relates to a drawing method and drawing apparatus for producing high drafts in the manufacture of yarn and discloses a drawing apparatus of two stages with a twister tube between them for giving the material a false twist. From the last drawing stage the material may be spun directly into yarn.

Appellant relies upon two points chiefly to sustain his contention that the Patent Office erred in its decisions, one being that he found if the greatest portion of the drafting is performed in the initial stage the roving will have greater uniformity and make stronger yarn, the other is that he found by so drafting, an improvement of about 2% is made in the yarn strength or "break test."

A high initial draft is disclosed in the reference, an example being given of a draft in the order of 10 in the first stage and of 12 in the second stage. The reference shows that Gminder departed from conventional drafting methods, where, according to the examiner, the initial draft is on the order of 1.2 to 1.5. The examiner held, and the board affirmed his holding, that since Gminder so materially changed his procedure from the said conventional method and that the difference between the order of 10 and the order of 12 is so slight, it would be obvious to those skilled in the art to either increase the first order or correspondingly decrease the succeeding order. We can perceive nothing inventive in making the said increase or decrease. Such change is merely a matter of degree once the conception of the high initial draft has been shown to result in improvement over the said conventional method.

As far as the gain of 2% in the "break test" of the yarn over the strength of yarn made by the conventional drafting is concerned, it seems clear to us that, if in fact such improvement in the yarn is made, it is due to the initial heavy draft. Since this is shown in the reference a similar gain we think would be made in yarn produced by the Gminder method.

In claim 10 numerical values for the draft are given as "including a final stage which imparts a draft in the order of 3.5 and an earlier stage which imparts a draft in the order of 6 * * *." These values were held not to be critical by both tribunals below, the board stating that there is "no mention of the speed of the high draft rolls or the twister or twister speed, nor what draft is used in the other draft stages." Since there are more than two drafting stages provided for in the application and no numerical draft values are set out in claim 10 except as to the final stage and some one earlier stage we are of opinion that the said values cannot be considered as critical. Moreover, we think that the values set out in claim 10 do not avoid the Gminder reference in a patentable sense for the reason that they change in degree of draft only.

█ Appellant also contends that the patent to Gminder does not have reference to cotton yarn. It is true that the patent does not mention working on cotton but it does mention the treatment of short and soft fibre, such as cotton, as contrasted with the treatment of long, hard fibre, such as bast. In any event, the process of appellant is not patentable merely because it is applied to a different material. In re Laughlin, 18 C.C.P.A., Patents, 1239, 48 F.2d 921; In re Williams, 24 C.C.P.A., Patents, 861, 87 F.2d 499; Paramount Publix Corporation v. American Tri-Ergon Corporation, 294 U.S. 464, 55 S.Ct. 449, 79 L.Ed. 997.

█ We are of opinion that the appealed claims were properly held unpatentable over the cited reference and accordingly the decision of the Board of Appeals is affirmed.

Affirmed.